**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ANTHONY CASTRO,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et. al.*,<br><br>　　　　　　　Defendants. | Case No. 3:21-cv-00158-CLB[1]<br><br>**ORDER DENYING MOTION TO AMEND AND MOTION TO COMPEL**<br><br>[ECF Nos. 50, 53] |

Before the Court is Plaintiff Anthony Castro's ("Castro") motion to amend, (ECF Nos. 50, 50-1).[2] Defendants Troy Harris ("Harris"), Kevin Jones ("Jones"), and Maria Ward ("Ward") (collectively referred to as "Defendants"), filed an opposition, (ECF No. 51), and Castro replied (ECF No. 52). Also pending before the Court is Castro's motion to compel (ECF No. 53). Defendants responded, (ECF No. 54), and no reply was filed. For the reasons discussed below, the motion to amend, (ECF No. 50), and the motion to compel, (ECF No. 53), are denied.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Castro is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). On April 5, 2021, Castro filed a civil rights complaint under 42 U.S.C. § 1983 for events that occurred while Castro was incarcerated at the Lovelock Correctional Center ("LCC"). (ECF No. 1-1.) On May 17, 2021, Castro filed an amended complaint, (ECF No. 5), which the District Court screened pursuant to 28 U.S.C. § 1915A. (ECF No. 9.) The screening order allowed Castro to proceed on a single First Amendment retaliation claim

---

[1]    The parties consented to having the undersigned conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (ECF No. 36.)

[2]    ECF No. 50 is the motion to amend and ECF No. 50-1 is the proposed second amended complaint.

against Defendants Ward, Jones, and Harris. (*Id.* at 11.) The Court dismissed, without prejudice, Defendants Bartell, Lt. Carpenter, Wake, Bellinger, Garrett, Daniels, Baker, and Tara Carpenter because there were no allegations against them in the amended complaint. (*Id.*) Additionally, the Court dismissed several other claims, without prejudice, based on improper joinder and directed Castro to assert those claims in a separate case. (*Id.* at 8-9.)

In relation to the retaliation claim, the amended complaint alleged the following: Castro was housed at LCC and was a member of the Structured Living Program ("SLP"). (ECF No. 5 at 7.) Senior Correctional Officer Jones was the drill instructor of SLP. (*Id.*) Ward was the caseworker specialist II in charge of SLP. (*Id.*) Jones and Ward fostered an atmosphere of anxiety and stress. (*Id.*) They subjected inmates to exhausting and strenuous exercises known as "Big 5's" and "hell weeks" where they forced inmates to exercise five to six hours straight, six days in a row. (*Id.*)

Every SLP inmate was required to attend "battalion day" on September 9, 2019. (*Id.*) That day, Jones berated Castro and the other SLP inmates and called them "a bunch of fucking girls," "pussies," "pansies," and told them "to grow the fuck up." (*Id.*) Castro told Jones that he was not allowed to speak to them in such a manner. (*Id.* at 8.) Jones told Castro that he could do "whatever the fuck [he liked], take your sorry ass back to the unit," and Castro complied. (*Id.*)

Upon instruction, Castro reported to the activity unit where Jones and several inmates with different "ranks" within the SLP program unit were. (*Id.*) There was a "panel" on the desk and three "panels" terminated an inmate's participation in the program. (*Id.*) When Castro went to read what the panel was, Jones began swearing at Castro, grabbed the panel from the desk, and told Castro to sign a drop-out request form which stated that Castro wanted to leave the program. (*Id.*) Jones swore and yelled at Castro for several minutes. (*Id.*) When Castro asked to speak to a sergeant, Jones refused. (*Id.*) When Castro asked for a grievance, Jones responded, "I'm not calling a fucking sergeant and it's not my responsibility to give you a grievance . . . you need to lock the fuck down." (*Id.*)

Castro complied. (*Id.*)

After count, Jones went to Castro's cell and removed Castro's SLP program belongings, then returned to the cell, intentionally knocked over Castro's television, broke several buttons, and cracked the top of the television. (*Id.*) Jones told Castro that he was a "fuck up who [would] never amount to shit." (*Id.*)

The next day, Castro reported to Ward's office where Ward and Jones were waiting. (*Id.* at 8-9.) Ward told Castro that she was removing Castro from SLP. (*Id.* at 9.) When Castro tried to explain, Ward yelled, "You want a grievance? Well, I got something for you, you're not getting one and when you do file, I promise I'll make your life miserable and there's nothing you can do, it's our word against yours." (*Id.*)

Ward asked Castro, "How do you like intake?" (*Id.*) Intake was in Unit 4B and was reserved for inmates just arriving to LCC or inmates who had been sanctioned for major and general rule violations. (*Id.*) Intake had less access to religious services and work assignments; had no access to education, gym, or programs; and had less yard and tier time. (*Id.*) In contrast, the unit Castro was in had access to jobs and programs, open tier from 6:00 a.m. to 10:00 p.m., open yard from 8:00 a.m. to 3:00 p.m., and access to gym, education, and religious services throughout the day and night. (*Id.*)

After obtaining a grievance, Castro filed a grievance on September 15, 2019, alleging retaliation, destruction of property, and verbal abuse. (*Id.* at 10.) Ward intercepted the grievance and denied it herself on September 18, 2019. (*Id.*) That same day, Correctional Officer Trainee Harris asked Castro and Castro's cell mate to step out of their cell. (*Id.*) When Castro asked what was happening, Harris responded, "I got a call to tear your house up." (*Id.*) Harris then dumped all of Castro's belongings on the ground including clothes, legal work, commissary, bedding, personal pictures, religious items, and a program from Castro's deceased grandmother's funeral. (*Id.*) Harris walked on all the items and confiscated Castro's television. (*Id.*) As Harris departed, he said, "stop filing grievances." (*Id.*) Harris never touched Castro's cell mate's property. (*Id.*) After Harris left, Castro filed another grievance that nobody ever responded to. (*Id.*)

The screening order allowed Castro to proceed on the single retaliation claim based on Castro's allegations that Castro tried to obtain a grievance from Jones to report Jones's behavior. Instead of obtaining a grievance from Jones or Ward, Ward transferred Castro to a restrictive unit because Castro wanted to file a grievance. Additionally, it appears that after Castro was able to file a grievance, Ward or Jones had Harris destroy the property in Castro's cell. (ECF No. 9 at 7.)

Defendants Jones and Ward filed their answer to the amended complaint on April 25, 2022, (ECF No. 31), which Defendant Harris joined. (ECF No. 46.) Pursuant to the scheduling order, Castro had until July 22, 2022 to amend his pleading. (ECF No. 38.) On July 21, 2022, Castro filed a motion to amend and motion to extend time to amend, (ECF Nos. 47, 48). The Court ultimately denied the motion to amend, (ECF No. 47), with leave to refile, and extended the deadline to amend to September 22, 2022. (ECF No. 49.) Thus, on August 22, 2022, Castro filed the instant motion to amend. (ECF No. 50.) Defendants opposed the motion, (ECF No. 51), and Castro replied, (ECF No. 52). Additionally, Castro filed a motion to compel, (ECF No. 53), to which Defendants responded, (ECF No. 54). No reply was filed. The Court discusses each motion in turn.

## II. MOTION TO AMEND

### A. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave [to amend a pleading] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *See id.* at 1052. The factors do not weigh equally; as the Ninth Circuit has explained, prejudice receives greatest weight. *See id.* Defendants bear the burden of establishing prejudice, and absent its presence or a "strong

showing" under the other factors, there is a presumption in favor of permitting amendment. *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)).

When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature and its effect of requiring an entirely new course of defense. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Alone, such alteration is not fatal. *Id.* In contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir. 2003). Futility arises when the amendment is legally insufficient, *Miller v. Rykoff-Sexon, Inc.*, 845 F.3d 209, 214 (9th Cir. 1988), or "where the amended complaint would . . . be subject to dismissal[,]" *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

**B.    DISCUSSION**

Castro's proposed second amended complaint ("SAC") asserts one claim for retaliation under the First Amendment for (1) the confiscation and destruction of his personal property, (2) the transfer to more restrictive housing, (3) "the calculated harassing cell searches unrelated to prison needs" and (4) "the implementation of a policy or custom that allowed interdepartmental staff at LCC directly associated with the Structed Living Program to circumvent Administrative Regulations in order to thwart official investigations into staff misconduct." (ECF No. 50 at 2-3.) Castro's proposed SAC provides supplemental and clarifying facts to show how several dismissed defendants are "liable for violating his constitutional rights." (*Id.* at 4.)

Many of the factual allegations in Castro's proposed SAC are nearly identical to his amended complaint. (*Compare* ECF No. 50-1 at 7-15, *with* ECF No. 5 at 7-10.) However, the SAC seeks to include Defendants Warden Renee Baker, Correctional Caseworker Specialist II Kelly Bellanger, Associate Warden Tara Carpenter, and Associate Warden Tim Garrett Defendants Baker, Carpenter, Garrett, and Bellanger for a "written policy" that allowed interdepartmental staff at LCC to thwart official investigations into staff misconduct—in relation to Ward's alleged "interception" of Castro's grievance. (ECF No.

50-1 at 15-18.) Castro seeks to add Defendant Inspector General James Jones based on his failure to investigate allegations of misconduct against K. Jones. (*Id.* at 21.) Finally, Castro seeks monetary relief from Defendants, declaratory relief stating Defendants violated Castro's civil rights, and injunctive relief to change the grievance procedures set forth in the SLP Operation Manual. (*Id.* at 24-25.)

Defendants oppose the motion because they assert amendment would be futile and alternatively, Defendants argue if the Court grants the motion, the Court should screen the proposed SAC. (ECF No. 51.) Specifically, Defendants assert that Castro fails to allege sufficient facts showing the proposed defendants took any adverse action against him because of his protected activity, and instead, Castro appears to bring forth a Fourteenth Amendment due process claim based on implementation of a policy that allowed NDOC staff to thwart official investigations into staff misconduct. (*Id.* at 3-4.)

Having reviewed Castro's proposed pleading the Court finds that the motion to amend, (ECF No. 50) should be denied, as the proposed amended complaint fails to state a claim and is therefore futile. While Castro attempts to add additional defendants to his claim, the District Court significantly limited the scope of his complaint through initial screening. As Defendants argue, Castro's proposed changes are more akin to a Fourteenth Amendment due process claim, rather than a First Amendment retaliation claim. However, inmates have no standalone due process rights related to the administrative grievance process. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding that a state's unpublished policy statements establishing a grievance procedure do not create a constitutionally protected liberty interest); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest in the processing of appeals because there is no liberty interest entitling inmates to a specific grievance process). Because the Court finds that amendment would be futile, the motion is denied. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) (a motion for leave to amend a complaint may be denied if the proposed amendment is futile or would be subject to dismissal).

Accordingly, the amended complaint, (ECF No. 5), and the screening order on the amended complaint, (ECF No. 9), remain operative in this case. Therefore, litigation will continue to proceed on the single retaliation claim against Defendants Harris, Jones, and Ward, only.

### III.   MOTION TO COMPEL

On October 26, 2022, Castro filed a motion to compel against Defendants Jones and Ward. (ECF No. 53.) Castro's motion argues that Ward's answer to Interrogatory No. 4 is evasive, and that Jones and Ward did not properly sign and verify their responses to Castro's interrogatories. (*Id.*) Defendants filed an opposition to the motion to compel, stating the motion should be denied because Defendants have provided timely responses to the written discovery requests that are subject of the motion and Jones and Ward also properly signed and verified their answers. (ECF No. 54.) Thus, Defendants argue the Motion fails to present a live discovery dispute requiring Court intervention and should be dismissed. (*Id.*) Castro did not file a reply and the time to do so has passed.

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The "scope of discovery" encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). However, the party moving for an order to compel discovery bears the initial burden of informing the court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why he believes the response is deficient; (4) why defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *Harris v. Kernan*, No. 2:17-cv-0680-TLN-KJN-P, 2019 WL 4274010, at *1 (E.D. Cal. Sept. 10, 2019); *see also Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his

motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

Having reviewed the motion to compel and response, the Court agrees with Defendants that they have provided timely responses to the written discovery requests, and they have also properly signed and verified their answers. As such, there is nothing for this Court to compel. Accordingly, Castro's motion to compel, (ECF No. 53), is denied.

### IV. CONCLUSION

For good cause appearing and for the reasons stated above, **IT IS ORDERED** that Castro's motion to amend, (ECF No. 50), is **DENIED**.

**IT IS FURTHER ORDERED** that the amended complaint, (ECF No. 5), and screening order on the amended complaint, (ECF No. 9), remain operative in this case.

**IT IS FURTHER ORDERED** that Castro's motion to compel, (ECF No. 53), is **DENIED.**

**DATED**: December 2, 2022    .

_____
**UNITED STATES MAGISTRATE JUDGE**